[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds all of the allegations of the plaintiff's complaint proven and true. A decree is entered dissolving the parties' marriage that took place on March 17, 1960. The defendant's counterclaim is dismissed as now moot.
The plaintiff joined the Army in 1958 and after serving for 20 years, 26 days, was discharged on September 1, 1978. He now receives retired pay (pension) of $218 weekly gross and $188 net taxes. He has been employed by the Coca Cola Bottling Co. since August 9, 1980 where he has a vested retirement fund valued at $5,000. The plaintiff exercised his one opportunity to withdraw a lump sum in 1989. After retiring from the U.S. Army, the plaintiff attended Mattatuck Community College and then Western Connecticut State College where he earned a B.S. degree. The plaintiff testified to no health problems.
The defendant, 52, is an L.P.N. and has been working full time since May, 1992. She has a heart condition, arthritis, diabetes and has experienced gallbladder attacks. The defendant bore four (4) children, two of whom are still minors: CT Page 3805
Edward Anthony, date of birth 7/6/76 and
Mary Louise, date of birth 8/12/79.
The parties have agreed that the defendant shall have sole custody and the plaintiff reasonable visitation, and the court so orders as part of the judgment.
The defendant and the minor children reside at 30 Calumet Street, Waterbury since 1986. The plaintiff vacated this home in June, 1991 after which he began this action in October, 1991. The property originally belonged to the defendant's parents who have both died with title passing to the defendant and her two brothers who allow her to continue to occupy in exchange for her paying the taxes, insurance and maintenance.
The plaintiff admits he has been intimate with another woman, Bernadette, since shortly after moving from the family home. The defendant claimed that this was the most recent of several liaisons conducted by the plaintiff during the marriage including a Korean woman, one while stationed in Germany and in Vietnam. The defendant had started a divorce action in 1978 or 1979 but allowed it to lapse. Although the defendant alleged the plaintiff also abused alcohol, the court has not sufficient evidence to so find. The defendant did tolerate the plaintiff's marital infidelities which, cumulatively, were a major cause of the final breakdown of the marriage.
Child support for the two minors was at issue during the trial. The plaintiff's net disposable income is $633 weekly after adding back $60 F.C.U. deduction. The defendant's is $392 after adding back a credit union deduction. Since the court now orders $100 periodic alimony paid by the plaintiff to the defendant, total disposable income of $1,025 is allocated 52% to the plaintiff and 48% to the defendant. For two (2) children over 12, the total child support is $409.50. The plaintiff shall pay $213 weekly child support. A wage withholding is ordered. The plaintiff shall continue to insure the minor children on all medical coverages available through his employment and the parties shall equally divide any uninsured bill balances incurred for the minors' health care.
The court orders the plaintiff to choose the Survivor Benefit Plan for the defendant as his former spouse and to execute all necessary documents to effect this order with the U.S. Dept. of CT Page 3806 Defense Center (c.f. Defendant's Exhibit #1), within the time limited to do so after entry of this judgment.
The court orders 50% of the plaintiff's pension awarded and assigned to the defendant via a qualified domestic relations order so that 50% of the plaintiff's pension accrued to date is paid to the defendant as an alternate payee. The plaintiff is ordered to cooperate in the preparation of the QDRO.
The plaintiff is ordered to maintain the two minor children on his U.S. government $50,000 life insurance policy until both minors have reached 18.
The court assigns ownership of the 1981 Chevrolet to the plaintiff and he shall be solely responsible for any taxes due on it.
The court assigns the 1989 Chevrolet to the defendant who shall assume the balance of the loan thereon and hold the plaintiff harmless.
The plaintiff shall be solely responsible for the debts listed on his financial affidavit, Dr. J. Villaluz's bill, Dr. Fresco D.D.S., 50% of the bill due Sacred Heart High School and 50% of the bill due St. Mary's Elementary School.
The defendant shall be solely responsible for the remaining bills on her financial affidavit as well as the remaining 50% due the two schools.
Counsel for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J.